IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER L. HAIGH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 09-cv-1247 |
| | ) | |
| DONOVAN FOSTER (Plant Manager), | ) | |
| SCOTT BUTTERBAUGH (Safety Manager), | ) | |
| and RYAN STIFFEY, (Safety Supervisor), | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On September 15, 2009, Plaintiff Christopher L. Haigh, a plaintiff proceeding *pro se*, initiated this action by filing a Motion for Leave to Proceed In Forma Pauperis. By Order dated September 16, 2009, the Motion was granted by the Court and the Complaint was filed.

While 28 U.S.C. § 1915 authorizes litigants like Mr. Haigh to proceed in forma pauperis ("IFP"), such status is a privilege which may be denied when abused. After granting IFP status, the Court must dismiss the case *sua sponte* if (i) the allegation of poverty is untrue, (ii) the action is frivolous or malicious, (iii) the complaint fails to state a claim upon which relief may be granted, or (iv) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2).

The Court is, thus, obligated to preliminary review each IFP plaintiff's case under the § 1915(e) factors. To that end, the Court may *sua sponte* dismiss IFP cases "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat

of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The standard used to evaluate a motion to dismiss is a liberal one, particularly when the action has been filed pro se. *Estelle v. Gamble,* 429 U.S. 97, 97 (1976). However, a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact. [The] term 'frivolous' when applied to the complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke,* 490 U.S. at 325. When determining whether a complaint is frivolous, the Court need not accept the factual allegations as true, but must "pierce the veil of the complaint," to determine if the allegations are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) *(quoting Neitzke*, 490 U.S. at 327-329).

A review of the Complaint in this case reveals that this Court does not have subject matter jurisdiction over the state law personal injury claims made by Plaintiff. The claims asserted against the Defendants are clearly grounded in state negligence law. Plaintiff contends that the Defendants "had a duty to provide a safe working environment for all employees and that they breached that duty" and that his injuries "were solely caused by the negligence of the Defendant's (sic) and that 'each' are 'Jointly and Severally Liable'" in this matter." *Id.* at ¶¶ 25, 29.

In order for this federal Court to have jurisdiction over a state law negligence claim, the parties must be of diverse citizenship, meaning they must be citizens of different states. However, Plaintiff states that all parties reside "in the County of Allegheny, State of Pennsylvania." Thus, there is no diversity of citizenship among the parties and this Court has no diversity jurisdiction to entertain any state law negligence claim(s) in this matter. This action, if viable at all, should have been brought in the Court of Common Pleas of Allegheny County, Pennsylvania.

The Court finds that there is no logical construction of the Complaint from which to derive a viable negligence claim against these defendants in federal court. It is clear that the deficiencies of the complaint could not be cured by amendment. Therefore, the Court will dismiss the negligence claims without prejudice for lack of subject matter jurisdiction.

Furthermore, although Plaintiff states that he "brings this action against Defendant's in this matter," for violations of, *inter alia*, Title VII of the Civil Rights Act of 1964 and the Americans With Disability Act ("ADA"), the Complaint is completely devoid of any allegations which could raise a colorable claim under either of these federal statutes. There is no allegation that Plaintiff has been unlawfully discriminated against based on his race, color, national origin, religion, and/or creed. Likewise, there is no allegation that Plaintiff has a disability within the meaning of the ADA, or that his employer perceived him as having an actual disability under the ADA, and that he was subjected to unlawful discrimination because of such disability. Accordingly, based on the allegations of the Complaint, this Court does not have federal question jurisdiction.

As to the claims brought under Title VII and the ADA, Plaintiff may file an amended complaint to correct the noted deficiencies in his original complaint on or before **October 22, 2009.** If an amended complaint is not timely filed, this lawsuit will be dismissed for lack of prosecution.

So **ORDERED** this 22nd day of September, 2009.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:    Christopher L. Haigh
1731 Evans Ave.
McKeesport, PA 15132

(via U.S. Mail and Certified Mail,
Return Receipt Requested)